IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deanna Renee Carone,            :

    Plaintiff,              :

  v.                              :          Case No. 2:07-cv-0905

Dr. Ralph Newman,               :          JUDGE GRAHAM

    Defendant.              :

### REPORT AND RECOMMENDATION

The Court has received a request to proceed *in forma pauperis* and a complaint from plaintiff, Deanna Renee Carone. For the following reasons, it will be recommended that the application for leave to proceed *in forma pauperis* be granted and that this action be dismissed.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at

328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

The complaint which Ms. Carone submitted (and which was originally captioned "Deposition") is, at best, difficult to understand.  It is certainly not a short and plain statement of a claim, together with a short and plain statement of the jurisdictional basis for the case, as required by Fed.R.Civ.P. 8(a).  It appears to allege, however, that Ms. Carone and Defendant Newman had some type of relationship which lasted from September of 2006 until May, 2007 and that, as a result of a termination of that relationship, Ms. Carone suffered damages which she alleges to exceed $10,000.  The most precise statement of her claim appears to be the following language, which appears at page two of the complaint:

> Defendant is in lieu of breach of contract, malfeasance, time and longevity of said relationship, physical, mental, spiritual and whole-hearted damages, and Plaintiff's reputation that has been marred over time elapsed by super-annuating this relationship to annihilate...."

It may be that Ms. Carone is asserting some type of state law contract or tort claim.  If so, there is nothing to indicate that the Court would have jurisdiction over such state law claims.

2

Although the defendant's stated residence is not identified anywhere in the complaint, on the civil cover sheet Ms. Carone has indicated that both she and defendant are residents of the same state.  Her complaint does cite to one federal statute, described as "U.S.Cs 1655" which the Court construes to be a reference to 28 U.S.C. §1655, but that statutory section relates to actions to enforce liens upon real property and, in particular, allows the Court to order an absent defendant to appear or plead by a day certain in order to assert an interest in land.  Obviously, it has no application to the type of claim which Ms. Carone appears to be advancing.

In short, whatever claims may be stated by the complaint filed in this case, they do not fall within the limited jurisdiction of a federal court.  Without expressing any view about whether a state court would have jurisdiction, the Court recommends that this action be dismissed under 28 U.S.C. §1915(e) for lack of jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to

object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                         /s/ Terence P. Kemp
                                         United States Magistrate Judge